IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KAREN ELAINE CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-CV-140 |
| | ) | |
| THE CITY OF BEAN STATION, | ) | |
| TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the court is "Plaintiff's Fed. R. Civ. P. 72(a) Objection to the Order of the Magistrate Judge (Doc. 72)" [doc. 77]. The defendants have responded [docs. 83, 84], and plaintiff has submitted a reply [doc. 89]. Plaintiff objects to the magistrate judge's order entered October 21, 2011, in which he granted her motion to defer ruling on defendant City of Bean Station's motion for summary judgment but did so providing her with a very narrow relief.

The magistrate judge's decision addresses a non-dispositive matter. The court's review is governed by Federal Rule of Civil Procedure 72(a), which states in part, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The magistrate judge ruled that plaintiff could depose defendants Andy and Ben Dossett and a representative of the City of Bean Station but only regarding the factual

assertion that the Dossetts were officers certified by the Peace Officers Standards and Training (POST) Commission. This narrow range of discovery is based on the magistrate's determination in his memorandum opinion [doc. 70] that if the two officers were POST certified then the issue of the adequacy of their training was resolved. Plaintiff objects to this finding, and the resulting limitation on discovery, when there is no case law to support this finding being made as a matter of law.

The court recognizes that the POST certification standards for officers in this state are a significant element for consideration in a failure to train claim such as the one brought by plaintiff. However, the court believes that what case authority there is views POST certification as a component of an individual officer's training or a municipality's training program, not an end itself. For example, *Jones v. Yancy*, No. 07-2263, 2010 WL 3420460 (W.D. Tenn. Aug. 27, 2010), involved a failure to train claim brought against the City of Memphis. The district court noted that the City's training program requires that all police recruits must be POST certified before becoming commissioned officers. The district court also pointed out that the defendant officers completed training that totaled more than twice the minimum number of training hours required by the POST Commission. In summary, the court stated that the "evidence in the record supports the City's contention that it has a thorough training program that exceeds the minimum standards set by Tennessee for officer certification and that [the defendant officers] successfully completed that program." *Id*. at *10. The court made no finding that meeting the minimum POST standards as a matter

2

of law automatically made the City's training adequate, although it did ultimately dismiss the failure to train claim.

Plaintiff's burden of proof in this type of case is extremely difficult. Showing "[t]hat a particular officer may be unsatisfactorily trained" is not enough to establish municipal liability. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). "Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct." *Id*. at 391. Nevertheless, since this matter is at the summary judgment stage and plaintiff has not been accorded complete discovery, the court will permit additional deposition testimony regarding Bean Station's training program and the training of the defendant officers.

In addition to the inadequacy issue, plaintiff must demonstrate "deliberate indifference" in order to establish her failure to train claim. The standard is stringent. "To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Slusher v. Carson*, 540 F3d 449, 457 (6th Cir. 2008) (internal quotation marks and citations omitted). "[A]bsent evidence of a "history of similar incidents" or notice, or evidence that the governmental entity's 'failure to take meliorative action was deliberate,' plaintiff's claim of municipal liability under § 1983 fails." *Id*. (citing *Miller v. Calhoun County*, 408 F.3d 803,

3

816 (6th Cir. 2005)).

Plaintiff has not had the opportunity to depose a Bean Station representative or to cross examine Andy Dossett regarding the issue of other complaints of excessive force. Andy Dossett stated in his affidavit that he was "unaware of any complaint of excessive force made against any officer of the Bean Station Police Department." Plaintiff should be given the opportunity to explore this issue as well.

Therefore, the court will **MODIFY** the magistrate judge's order [doc. 72] to the following extent. Plaintiff will be permitted to depose Andy Dossett and Ben Dossett concerning all aspects of their training. Andy Dossett can be questioned about the Bean Station training program as well as the statements in his affidavit concerning other complaints of excessive force or the lack thereof. Plaintiff may depose a representative of the City of Bean Station regarding the City's officer training program and the history of any prior complaints of excessive force by its officers.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge