IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| KAREN ELAINE CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-CV-140 |
| | ) | |
| THE CITY OF BEAN STATION, | ) | |
| TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This civil action is before the court on the "Federal Rule of Civil Procedure 72(a) Objection to Order of Magistrate Judge Pertaining to Expert Disclosures (Doc. 69)" filed by defendants Andy Dossett and Ben Dossett [doc. 74]. Plaintiff has filed a response [doc. 80].

The Federal Rules of Civil Procedure and the Magistrates Act both provide for reconsideration by a district court of an order issued by a magistrate judge. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). Review is obtained by filing objections to the order within 14 days after service. *Id.* "This court cannot reverse a magistrate's opinion on a non-dispositive matter unless the magistrate's decision was clearly erroneous or contrary to law." *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985); *Parry v. Highlight Indus., Inc.,* 125 F.R.D. 449, 450 (W.D. Mich. 1989)). The "clearly erroneous" standard is applied to

factual findings by the magistrate judge while the less stringent "contrary to law" standard is applied to the magistrate judge's legal conclusions. *Haworth,* 162 F.R.D. at 291 (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citing *Heights Comty. Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990)). This court exercises independent judgment as to the magistrate judge's legal conclusions. *Gandee,* 785 F. Supp. at 686. After applying these principles to the facts and issues in this case, the court concludes that the objections raised by defendants should be overruled and the order affirmed.

The magistrate judge's order granted "Plaintiff's Motion for Leave of Court to Serve Expert Disclosures According to Scheduling Order" [doc. 49]. In doing so, he permitted plaintiff to file her expert's affidavit in opposition to defendants' motions for summary judgment. Defendants contend that the expert disclosure deadline as set out in the scheduling order had past, so plaintiff's disclosure was late filed and impermissible.

As noted by the magistrate judge, in an order entered August 4, 2011 [doc. 34], the court granted plaintiff's motion to extend the summary judgment briefing schedule and in doing so also reset the trial to April 9, 2012. Defendants' statement in their objection regarding that order, "The Court reset all unexpired pretrial deadlines in the Order," is

incorrect. The order states, "Deadlines and filing dates are to be calculated and applied using the new trial date. However, no additional dispositive motions are to be filed without first obtaining approval from the court." The court reset *all* the pretrial deadlines except for the dispositive motion deadline, which would be reset only with approval from the court. The magistrate judge personally confirmed this interpretation of the order with the undersigned before making his ruling, as is reflected in his order.

Therefore, the court finds that no part of the magistrate judge's decision is clearly erroneous or contrary to law. Accordingly, the objections raised by the defendants are **OVERRULED**, and the order is **AFFIRMED**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge

3